UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Albert E. Tillman,

    Plaintiff,

v.  10-3186

The People of the State of Illinois,
Joshus Morrison (State Attorney/Prosecutor),
Matt Maurer (Public Defender), and
Jason Hammond (Probation Officer)

    Defendants.

## **Order**

    The plaintiff, currently incarcerated in Graham Correctional Center, has filed a Complaint challenging his conviction. The Complaint was docketed as a petition for habeas corpus, but should have been docketed as a civil action under 42 U.S.C. § 1983, because that appears to be what the plaintiff intends.

    The plaintiff challenges a guilty plea he made in connection with a 1999 retail theft case. According to the allegations, in July 2010 the plaintiff agreed to plead guilty on other unrelated charges, but was ambushed at the hearing when the prosecutor brought up the 1999 case, which was still pending. The plaintiff allegedly felt compelled to plead guilty to the 1999 charge, too. No objection was made by his public defender, who allegedly gave him bad advice that the charge was not barred by the statute of limitations. The plaintiff believes that the defendants conspired to ambush him with this charge at the hearing. Additionally, Defendant Hammond, the plaintiff's parole officer, altered the plaintiff's original presentence report by adding false, inaccurate and prejudicial information, including information that advised against the plaintiff's placement in a community rehabilitation program, even though that had been part of the plea agreement as the plaintiff understood it. The plaintiff's public defender failed to rectify the report and made no objections to its introduction.

    The plaintiff asks this court to set aside the judgment in his criminal cases, compel the defendants to disclose the transcripts in those cases, and order an investigation.

    The plaintiff's challenges to his plea agreement and the criminal proceedings all go to the validity of his confinement. These are challenges that must be made in the state criminal proceedings themselves, and then through state appeals of those proceedings. As far as federal

court goes, inmates "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" must pursue their challenge under the habeas statute (if the challenge can be made at all), not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000). This rule "prevents prisoners from making an end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through an action under 42 U.S.C. § 1983 or Bivens." *Jogi v. Voges*, 425 F.3d 367, 385 (7th Cir. 2005), *citing Wilkinson v. Dotson*, 544 U.S. 74 (2005).

Thus the only federal relief available at this point might be habeas corpus, but it is not appropriate for the court to change this case to a habeas corpus action. The plaintiff should carefully consider the requirements of habeas actions before bringing one. *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in actions); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Habeas corpus actions have strict time limits and require exhaustion of state remedies. 28 U.S.C. § 2254(b)(1). It is clear that the plaintiff has not exhausted his state remedies. Additionally, prisoners are, for the most part, limited to bringing one habeas corpus petition. *See* Rule 9 governing 28 U.S.C. § 2254 cases; *Pischke v. Litscher*, 178 F.3d at 500. Construing the plaintiff's case as a habeas petition could prevent him from filing a petition in the future. The court will therefore dismiss this case without prejudice to refiling as a habeas action (after he has exhausted his state remedies and complied with other requirements of the habeas statute). *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005).

IT IS THEREFORE ORDERED the plaintiff's complaint is dismissed, without prejudice. All pending motions are denied as moot and the merit review hearing scheduled for September 14, 2010, is cancelled.

IT IS FURTHER ORDERED that the clerk is directed to reclassify this action as a 42 U.S.C. § 1983 pro se prisoner case, and to change the title of docket entry #1 from a petition for writ of habeas corpus to a Complaint.

Entered this <u>24th</u> Day of <u>August,</u> 2010.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE